**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON ANTHONY VRH,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ROSEMARY NDOH, Warden,<br><br>　　　　　Respondent. | Case No.: 1:20-cv-00581-NONE-JLT (HC)<br><br>ORDER GRANTING MOTION FOR STAY AND ABEYANCE<br><br>(Doc. 15)<br><br>SIXTY-DAY DEADLINE |

　　　　On April 24, 2020, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1.) Petitioner filed a first amended petition on May 1, 2020 and filed a second amended petition on August 31, 2020 raising two claims for relief. (Docs. 8, 14.) Concurrently with the second amended petition, Petitioner filed a motion for a stay and abeyance of the proceedings, in which he alleges that one ground for relief has been exhausted and the other has not been exhausted. (Doc. 15.) The Court directed Respondent to respond to the motion for stay and abeyance. (Doc. 16.) On October 5, 2020, Respondent filed an opposition to Petitioner's motion for a <u>Rhines</u> stay and non-opposition to motion for a <u>Kelly</u> stay. (Doc. 18.) On October 28, 2020, Petitioner filed a reply. (Doc. 19.) As discussed below, the Court will grant a <u>Rhines</u> stay.

**DISCUSSION**

**I.　Exhaustion**

　　　　A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

1

petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995).

Petitioner raises two claims in his petition. He concedes that ground two has not been presented to the state courts and is unexhausted. Because the claim has not been presented to the highest state court, it is subject to dismissal. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

**II.     Motion for Stay and Abeyance**

   **A.     Legal Standard**

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Two procedures are available to a habeas petitioner who wishes to stay a pending federal petition while exhausting claims in state court: the Rhines procedure and the Kelly procedure. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). The appropriate procedure in a particular case depends on whether the petition is "mixed" or fully exhausted. See id.

Under Rhines, 544 U.S. 269, a district court has discretion to stay a mixed or wholly

unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Under Kelly, 315 F.3d 1063, the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court. Kelly, 315 F.3d at 1070-71. Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135. A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1070-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661).

**B.     Discussion**

Petitioner alleges that ineffective assistance of trial counsel and appellate counsel is the basis for the claim Petitioner seeks permission to exhaust in the state courts, and argues that there is good cause under Rhines to grant the stay. (Doc. 15 at 5; Doc. 19 at 2-13.)

**1.     Good Cause**

The Ninth Circuit has stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). In Blake, the Ninth Circuit held that ineffective assistance of counsel by post-conviction counsel can be good cause for a Rhines stay, however, bare allegations of state post-

3

1    conviction ineffective assistance of counsel do not suffice. Id. at 983. The Blake court concluded that
2    petitioner satisfied the good cause standard where he argued that his postconviction counsel "failed to
3    conduct any independent investigation or retain experts in order to discover the facts underlying his
4    trial-counsel IAC claim; namely, evidence that Blake was subjected to outrageous and severe sexual,
5    physical and emotional abuse as a child, and suffered from organic brain damage and psychological
6    disorders." 745 F.3d at 982 (internal quotation marks omitted). The petitioner supported this argument
7    with extensive evidence, including psychological evaluation reports, a declaration by the private
8    investigator who worked briefly for his post-conviction attorney, and thirteen declarations from
9    petitioner's family and friends describing his "abhorrent" childhood conditions. Id. at 982-83.
10   The Blake court concluded that the petitioner had met the standard to show good cause
11   under Rhines. Id. at 983-84 & n.7.
12          "There is little authority on what constitutes good cause to excuse a petitioner's failure to
13   exhaust" under Rhines. Blake, 745 F.3d at 980. "The Supreme Court has addressed the issue only
14   once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be
15   timely will ordinarily constitute 'good cause' for him to file in federal court.'" Id. (quoting Pace v.
16   DiGuglielmo, 544 U.S. 408, 416 (2005)). The Ninth Circuit has "held that good cause
17   under Rhines does not require a showing of 'extraordinary circumstances,' but that a petitioner must do
18   more than simply assert that he was 'under the impression' that his claim was exhausted." Dixon v.
19   Baker, 847 F.3d 714, 720 (9th Cir. 2017) (quoting Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir.
20   2005); and Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)). "While a bald assertion cannot
21   amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a
22   petitioner's failure to exhaust, will." Blake, 745 F.3d at 982.
23          Respondent argues that Petitioner fails to explain why he did not raise his claim of appellate
24   counsel ineffectiveness when he had the opportunity to do so on state habeas. (Doc. 18 at 2-3.)
25   Petitioner alleges that he had counsel on his post-conviction direct appeal and did not have counsel for
26   the three post-appeal habeas corpus proceedings he filed in the superior court, the Court of Appeal and
27   the California Supreme Court. (Doc. 19 at 5.)
28          In Dixon, the petitioner filed collateral challenges in state court without the assistance of

counsel and failed to exhaust all of his claims. The Ninth Circuit held that, "[i]f the petitioner was without state post-conviction counsel entirely . . . the only evidence available concerning good cause would . . . be the easily proven assertion that the petitioner was without counsel in those proceedings." Dixon, 847 F.3d at 721. The Ninth Circuit went on to find that, "[a] petitioner who is without counsel in state post-conviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." Id.

As Petitioner contends, under Dixon, lack of counsel at a stage of post-conviction proceedings supports a finding of good cause with respect to that stage of proceedings. (Doc. 19 at 5.) Petitioner has met the Rhines good cause standard.

**2.     Merit of Claim**

Under the second prong of the Rhines test, a district court would abuse its discretion if it were to grant a petitioner a stay when his claims are plainly "meritless." Rhines, 544 U.S. at 277. Petitioner has not merely made a bare assertion of ineffective assistance of counsel. Petitioner developed the ineffective assistance of counsel argument and has raised it in a habeas corpus petition filed in the Court of Appeal, Fifth Appellate District on September 28, 2020 (after the filing of the instant motion and before the filing of Petitioner's reply). Petitioner included as an attachment the habeas corpus petition filed and now pending in the Court of Appeal, which Petitioner contends demonstrates that there is established case law supporting both the deficient performance and prejudice aspects of ineffective assistance of counsel claims with respect to both trial counsel and appellate counsel. (Doc. 19 at 6.) Specifically, Petitioner alleges ineffective assistance of trial counsel for failing to object to, and to seek to redact, prejudicial and inadmissible comments a law enforcement officer made concerning Petitioner's guilt and credibility during his pretrial interrogation of Petitioner. (Doc. 19-1 at 14-36.) Petitioner further argues that the failure of Petitioner's appellate attorney to raise the issue of ineffective assistance of counsel deprived Petitioner of his right to the effective assistance of appellate counsel. (Doc. 19-1 at 36-39.) Accordingly, Petitioner has provided sufficient evidentiary support demonstrating that his unexhausted claim is potentially meritorious.

///

### 3. Absence of Dilatory Tactics

Under the third prong of the Rhines test, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. Petitioner asserts that he failed to raise the issue of ineffective assistance of appellate counsel because he was unaware of it, and he did not fail to raise it for purposes of delay. (Doc. 15 at 6; Doc. 19 at 14.) There is no evidence that Petitioner has engaged in dilatory litigation tactics to date. Petitioner satisfies the third prong of Rhines.

The Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at 277. Petitioner must diligently pursue his state court remedies. He is directed to file a status report within 60 days of the date of service of this Order, and he must file a status report every 60 days thereafter advising the Court of the status of the state court proceedings. Following final action by the state courts, Petitioner will be allowed 30 days to file a motion to lift the stay. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order, and dismissal of the unexhausted claims. Rhines, 544 U.S. at 278.

**ORDER**

Accordingly, the Court ORDERS:

1) Petitioner's motion for a Rhines stay (Doc. 15) is GRANTED;
2) Petitioner is DIRECTED to file a status report within 60 days of the date of service of this Order, and then every 60 days thereafter; and
3) Following final order of the state courts, Petitioner is DIRECTED to file a motion to lift the stay within 30 days.

IT IS SO ORDERED.

Dated: **November 24, 2020**          /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE