UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ANTHONY VRH<br><br>Petitioner,<br><br>v.<br><br>ROSEMARY NDOH, Warden,[1]<br><br>Respondent. | Case No. 1:20-cv-00581-JLT-CDB (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS**<br><br>**14-DAY DEADLINE**<br><br>(ECF No. 39) |

Before the Court is Respondent's Motion to Dismiss, filed on May 23, 2022. (ECF No. 39). Petitioner Aaron Anthony Vrh (Vrh), through counsel, filed an Opposition on June 13, 2022. (ECF No. 45). Respondent filed a reply on August 19, 2022. (ECF No. 48). For the reasons stated below, the undersigned recommends Respondent's motion be denied and Respondent be required to file an answer addressing the substance of the Third Amended Petition (ECF No. 34).

**I. Procedural and Factual Background**

Petitioner filed a pro se Petition for Writ of Habeas Corpus (Petition) on April 24, 2022. (ECF No. 1). Petitioner filed a First Amended Petition (FAP) for Writ of Habeas Corpus on May 1, 2022. (ECF No. 8). On May 14, 2020, the Court dismissed the FAP for failing to set forth

---

[1] Counsel for Respondent notes that Petitioner is incarcerated at California Health Care Facility, where Gena Jones is the warden, and requests the Court substitute Gena Jones as Respondent in this matter. (ECF No. 39 at 1 n.1). Petitioner does not oppose this request. (ECF No. 45 at 1 n.1). Accordingly, the Court will grant the request and direct the Clerk of Court to substitute Gena Jones for Rosemary Ndoh. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (stating proper respondent in federal habeas petition is petitioner's immediate custodian).

Petitioner's grounds for relief and the factual allegations in support of his claims. (ECF No. 9). The Court granted Petitioner thirty days to file a second amended petition. (*Id.*).

On June 2, 2020, Petitioner requested a 90-day extension to file his second amended petition because "Vrh does not have access to the documents needed to provide the necessary information and Avenal State Prison [(ASP)] is not allowing him access to the documents." (ECF No. 10 at 2). Petitioner represented that his state habeas corpus filing was in ASP storage and his request to access it to complete his federal petition had not been granted. (*Id.* at 3). Petitioner further represented that he had obtained counsel and counsel needed more time to review the approximately 10,000 pages of documents necessary to file the second amended petition. (*Id.* at 2). Additionally, Petitioner asserted COVID-19 caused additional delays and limited his access to the law library. (*Id.* at 4-5). On June 3, 2020, the Court granted the requested 90-day extension. (ECF No. 11).

Petitioner, now represented by counsel, filed a Second Amended Petition (SAP) on August 31, 2020. (ECF No. 14). Petitioner sought relief from this Court under 28 U.S.C. § 2254 from his conviction for sexual penetration with an object with infliction of great bodily injury and assault with intent to commit mayhem. (*Id.* at 1). Petitioner raised two grounds as his bases for relief: (1) improper admission of prior bad acts evidence and (2) ineffective assistance of appellate counsel for failing to raise ineffective assistance of trial counsel. (*Id.* at 5-7). Because Petitioner's second ground for relief was unexhausted, he also filed a motion to stay proceedings and hold the case in abeyance. (ECF No. 15). The parties completed briefing on the motion to stay and the Court ultimately granted the motion on November 24, 2020. (*See* ECF Nos. 18-20).

After exhausting his state remedies, Petitioner filed a motion requesting the stay be lifted and he be allowed to file a Third Amended Petition (TAP). (ECF No. 28). The Court granted the motion, lifted the stay, and ordered the TAP be filed. (ECF No. 33). The TAP raises the same two grounds for relief as asserted in the SAP. (ECF No. 34).

In the pending motion to dismiss, Respondent argues the TAP must be dismissed because it was not filed until after the expiration of the statute of limitations and does not relate back to the timely filed Petition or FAP. (ECF No. 39 at 6).

2

**II. Discussion and Analysis**

28 U.S.C § 2244(d)(1) provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Limitation Period*

As Respondent argues, the period of "direct review" under 28 U.S.C. § 2244(d)(1)(A) ended on June 18, 2018, when the United States Supreme Court denied Vrh's petition for a writ of certiorari. (ECF No. 41-5). The one-year statute of limitations to file a federal petition began to run the next day, June 19, 2018. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Accordingly, absent any tolling, the last day for Petitioner to file a timely federal petition was June 18, 2019.

*Statutory Tolling*

Respondent acknowledges Petitioner is entitled to statutory tolling during the pendency of three of his five state habeas petitions. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Thus, Respondent concedes that the "limitation clock stopped from February 25, 2019, the date the first state petition was filed, through March 11, 2020, the date the third state petition was denied." (ECF No. 29 at 5). Based on 251 days expiring before Petitioner filed his

3

1   first state habeas, the remaining 114 days began running on March 12, 2020, and expired on July
2   3, 2020.  Thus, as Respondent concedes, the Petition filed April 24, 2020 and the FAP filed May
3   1, 2020 were timely.  However, absent equitable tolling, the SAP and TAP are untimely.

4     *Equitable Tolling*

5     In his opposition to the motion, Petitioner asserts he is entitled to equitable tolling to
6   render the SAP and TAP timely because (1) he had limited access to his legal materials due to the
7   actions of prison officials and (2) he relied on the Court's order granting a 90-day extension to
8   file the SAP.  (ECF No. 45 at 6-11).  Petitioner primarily relies on *Sossa v. Diaz*, 729 F.3d 1225
9   (9th 2013), to support that "equitable estoppel applies where a district court issues an order
10  allowing a petitioner to file an amended habeas corpus petition by a certain date, and the
11  defendant meets that deadline."  (*Id.* at 2.)

12    To receive the benefit of equitable tolling, the petitioner must demonstrate "(1) that he has
13  been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
14  way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Holland v. Florida*, 560 U.S, 631, 649
15  (2010).  "The diligence required for equitable tolling is reasonable diligence, not maximum
16  feasible diligence."  *Sossa*, 729 F.3d at 1229.  It is the petitioner's burden to show entitlement to
17  equitable tolling.  *Espinoza-Matthews v. People of the State of California*, 432 F.3d 1021, 1026
18  (9th Cir. 2005).

19    Because *Sossa* is dispositive of the issue before the Court, a review of the facts of that
20  case is warranted.  Armando Jose Sossa (Sossa) filed a pro se petition for a federal writ of habeas
21  corpus on February 24, 2008.  *Sossa*, 729 F.3d at 1227.  Sossa's form petition did not set forth
22  any grounds for relief, instead indicating to "See Attached Petition," which was not actually
23  attached.  *Id.*  The assigned magistrate judge dismissed the petition on March 12, 2008, and
24  granted Sossa until April 11, 2008 to file an amended petition.  *Id.*  Before the deadline expired,
25  Sossa sought an extension of time to file his amended petition because of "circumstances out of
26  the control of petitioner which will hamper his ability to make amendments" to the amended
27  petition.  *Id.*  The magistrate judge granted the extension and set a new deadline of May 9, 2008.
28  *Id.*  Sossa again sought an extension, citing "institutional lock-downs and conflicting library

operational hours" preventing him from completing the amended petition. *Id.* The magistrate judge once again granted the extension and set a new June 9, 2008 deadline but cautioned that no further extensions would be granted. *Id.* at 1227-28. Sossa sought a third extension on June 7, 2008, which the magistrate judge rejected. *Id.* at 1228.

Sossa filed his amended petition on June 11, 2008. *Id.* In response, the State moved to dismiss the first amended petition as untimely. *Id.* The magistrate judge concluded the statute of limitations expired on May 24, 2008, rendering the June 11, 2008 amended petition untimely and further concluded the amended petition did not relate back to the original petition because the original petition did not set forth any grounds for relief. *Id.* Thus, the magistrate judge recommended the amended petition be dismissed as untimely. *Id.* Sossa objected to the recommendation, arguing "he was entitled to equitable tolling based on his reliance on the magistrate judge's orders extending the habeas filing deadline." *Id.* The district court adopted the recommendation and dismissed the amended petition with prejudice without considering Sossa's argument that he relied on the extensions. *Id.*

On appeal, the Ninth Circuit concluded "Sossa reasonably relied on the magistrate judge's extensions of time to file his habeas petition, and therefor [was] entitled to equitable tolling" from the date the magistrate judge first set a specific deadline to file an amended petition until the final filing deadline set by the magistrate judge. *Id.* at 1230. The court indicated the relevant question was "whether the magistrate judge 'affirmatively misled' Sossa." *Id.* at 1232. The court explained that by granting the requested extension, the district court "affirmatively misled" Sossa into believing his amended petition would be deemed timely if filed by the new deadline. *Id.* at 1233.

Here, as in *Sossa*, Vrh's Petition and FAP were timely filed but failed to set forth any grounds for relief. (*See* ECF Nos. 1, 8). The Court dismissed the FAP but set a deadline for Vrh to file a second amended petition. (ECF No. 9). At Vrh's request, the Court extended the deadline to file the SAP and Vrh filed the SAP before the new deadline. (ECF Nos. 11, 14). Thus, the facts presented here are nearly identical to those in *Sossa*.

Respondent argues "the Ninth Circuit was wrong in *Sossa*" and attempts to distinguish the

5

1   facts in *Sossa* from those presented here. (ECF No. 48 at 5). However, Respondent's arguments
2   are unavailing. While Respondent might believe *Sossa* was wrongly decided, such does not
3   change that it is a published Ninth Circuit decision that under the circumstances of the present
4   case is "binding authority which must be followed unless and until overruled by a body
5   competent to do so." *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) (internal
6   quotation marks and citations omitted); *see Yong v. INS*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2020)
7   ("[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound
8   to follow it ….").

9         To attempt to distinguish *Sossa*, Respondent points to language in the Court's dismissal
10  order indicating that the SAP must include dates of filing and disposition so the Court can
11  determine whether Petitioner "is in compliance with the limitations period prescribed by 28
12  U.S.C. § 2244(d)(1)." (ECF No. 48 at 5 (quoting ECF No. 9 at 3)). Respondent argues this
13  language put Vrh "on notice that the Court did not know if his petition was timely," the Court did
14  not have any additional information when it granted the extension, and "[t]o assume the Court
15  intended to extend the one-year limitation period by granting Petitioner a time extension under
16  these circumstances defies logic." (*Id.*).

17        Respondent is correct that the Court made no indication of whether the Petition or FAP
18  were timely. However, directly after the language Respondent quotes, the Court indicated
19  "Petitioner will be granted an opportunity to file a Second Amended Petition *curing these*
20  *deficiencies*." (ECF No. 9 at 3). Further, the Court found good cause to grant Petitioner's
21  requested extension to file the SAP. (ECF No. 11). Thus, the Court affirmatively misled
22  Petitioner to believe that so long as he filed his SAP by the deadline set by the Court, it would be
23  deemed timely so long as the Petition or FAP were timely.

24        Ultimately, the facts here are indistinguishable from those in *Sossa*. Accordingly, the
25  Court must reach the same result and conclude that Vrh is entitled to equitable tolling from May
26  14, 2020, when the Court dismissed the FAP and allowed him time to amend, until at least
27  September 1, 2020, the earliest the ninety-day extension would have expired.[2] With this tolling,
28

---

[2] The order granting the extension directed Petitioner to file the SAP "within ninety days from the date of *service* of

the filing of the SAP on August 31, 2020 was timely. Respondent concedes the TAP relates back to the SAP. Accordingly, the TAP is also considered timely filed.

Having found that Petitioner is entitled to equitable tolling under *Sossa* and that such tolling renders the TAP timely, the Court need not address whether Petitioner is entitled to equitable tolling based on his limited access to his legal materials.

### III. Recommendation and Order

For the reasons set forth above, the Court **ORDERS** the Clerk of the Court to substitute Gena Jones for Rosemary Ndoh in the case caption of the docket.

Further, the Court **RECOMMENDS** that Respondent's motion to dismiss be **DENIED** and Respondent be ordered to file an answer to the TAP.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14)** days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 7, 2025**

UNITED STATES MAGISTRATE JUDGE

---

this order." (ECF No. 11 (emphasis added)). Because Petitioner was served by mail, the deadline was likely later than September 1, 2020, which is 90 days after the order was issued.