# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ANTHONY VRH<br><br>  Petitioner,<br><br>  v.<br><br>GENA JONES, Warden,<br><br>  Respondent. | Case No. 1:20-cv-00581 JLT CDB  (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. 50) |

Aaron Anthony Vrh is a state prisoner proceeding on his Third Amended Petition (TAP) for Writ of Habeas Corpus filed March 23, 2022.  (Doc. 34.)  Respondent filed a motion to dismiss on May 23, 2022, asserting the TAP was untimely.  (Doc. 39.)

On January 7, 2025, the assigned magistrate judge recommended denying Respondent's motion to dismiss because Petitioner was entitled to equitable tolling pursuant to *Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2013), rendering the TAP timely filed.  (Doc. 50.)  The Court served the Findings and Recommendations on Respondent and notified her that any objections were due within 14 days.  (*Id.* at 7.)  On January 10, 2025, Respondent filed her objections.  (Doc. 51.)

In her objections, Respondent revives her argument that Petitioner is not entitled to statutory tolling under *Sossa* because the Court advised Petitioner it did not have sufficient information to determine whether his petition and first amended petition (FAP) were timely when it directed him to file a second amended petition (SAP).  (Doc. 51 at 2.)  However, the magistrate

judge acknowledged that "the Court made no indication of whether the Petition or FAP were timely" but found that the Court's indication that Petitioner would be allowed to cure deficiencies in the petition and finding of good cause to extend the deadline to file his SAP "affirmatively misled Petitioner to believe that so long as he filed his SAP by the deadline set by the Court, it would be deemed timely so long as the Petition or FAP were timely." (Doc. 50 at 6.) Because Respondent conceded that the TAP related back to the SAP, the TAP was also timely. (*Id.* at 6-7.)

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued January 7, 2025, (Doc. 50) are **ADOPTED IN FULL**.
2. Respondent Gena Jones's motion to dismiss (Doc. 39) is **DENIED**.
3. Respondent shall file an answer to the Third Amended Petition within **THIRTY DAYS** of the date of service of this order.
4. Petitioner may file a traverse within **THIRTY DAYS** of the date Respondent's answer is filed with the Court.

IT IS SO ORDERED.

Dated:   **January 31, 2025**

UNITED STATES DISTRICT JUDGE

2