UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ANTHONY VRH,<br><br>        Petitioner,<br><br>    v.<br><br>GENA JONES,<br><br>        Respondent.[1] | Case No. 1:20-cv-00581-JLT-CDB (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING THE CLERK OF COURT TO SUBSTITUTE WARDEN DAO VANG AS RESPONDENT AND CLOSE THE CASE**<br><br>(Doc. 57) |

    Aaron Anthony Vrh is a state prisoner proceeding through counsel on his Third Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 34). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    The Petition raises two claims. Claim One alleges trial court error by admission of evidence of Petitioner's prior acts of domestic violence. Claim Two alleges ineffective assistance of appellate counsel by failing to argue that trial counsel was ineffective for not redacting from a recording of the pretrial interrogation played to the jury, police detective Tosta's inadmissible

---

[1] A CDCR California Incarcerated Records and Information Search ("CIRIS") shows that Petitioner is incarcerated at the California Health Care Facility, Stockton, (CHCF), in the care and custody of Acting Warden Dao Vang. *See* Ciris.mt.cdcr.ca.gov (last visited October 24, 2025). Pursuant to Federal Rule of Civil Procedure 25(d), Warden Vang is substituted as Respondent in place of his predecessor warden(s).

1 statements that Petitioner was guilty and lying.

2 The assigned Magistrate Judge issued Findings and Recommendations recommending the
3 Petition be denied as without merit, and that the Court decline to issue a certificate of
4 appealability. (Doc. 57). The Court served the Findings and Recommendations on the parties
5 and notified them that any objections thereto were to be filed within 14 days after service and that
6 the "failure to file objections within the specified time may result in the waiver of rights on
7 appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v.
8 Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). Petitioner filed objections regarding only Claim
9 Two. (Doc. 58).

10 Petitioner argues the Magistrate Judge erred in concluding the state court reasonably could
11 find trial counsel was not prejudicially deficient as alleged. Petitioner argues Tosta's statements
12 were inadmissible opinion testimony that undermined the defense presented at trial - that Doe was
13 injured accidentally. Petitioner argues on the same basis that the Magistrate Judge erred in
14 concluding the state court reasonably could reject claimed ineffective assistance of appellate
15 counsel.

16 The objections are not persuasive. The Magistrate Judge's reasoned, independent review
17 of the record as a whole supports his findings that the state court's summary denial of the Claim
18 Two allegations was not objectively unreasonable. Particularly, the Magistrate Judge did not err
19 in finding the state court's denial of the layered ineffective assistance of counsel allegations was
20 not contrary to, or an unreasonable application of, clearly established Supreme Court precedent,
21 or based on an unreasonable determination of the facts. For example, the Magistrate Judge
22 considered Tosta's testimony before the jury that his statements during the interrogation were not
23 all true, but rather an interrogation technique or ruse meant to get information from Petitioner;
24 that trial counsel could have been motivated by reasonable trial tactics in not renewing his initial
25 evidentiary objections to Tosta's statements or seeking redaction thereof; and that Tosta's
26 statements were not prejudicial to the extent they did not sway Petitioner from his trial defense
27 and bolster the prosecution's case. The Magistrate Judge also considered the relative weight of
28 the parties' evidence.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court holds the Findings and Recommendations denying relief on Claims One and Two to be supported by the record and proper analysis.

Having found that Petitioner is not entitled to relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the Petition should be denied debatable or wrong, or that Petitioner should be allowed to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability on Claim One and Claim Two. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 9, 2025 (Doc. 57) are **ADOPTED** in full.
2. The Third Amended Petition for Writ of Habeas Corpus (Doc. 34) is **DENIED**.
3. The Court **DECLINES** to issue a certificate of appealability.

///
///
///
///

3

4. The Clerk of the Court is directed to **SUBSTITUTE** Warden Dao Vang as Respondent and to **CLOSE** the case.

IT IS SO ORDERED.

Dated:  **October 25, 2025**

UNITED STATES DISTRICT JUDGE

4